Alfred L., Jr., and Patricia E. Von Tersch v. Commissioner.
Von Tersch v. Commissioner
Docket No. 6485-70 SC.
United States Tax Court
T.C. Memo 1972-191; 1972 Tax Ct. Memo LEXIS 66; 31 T.C.M. (CCH) 938; T.C.M. (RIA) 72191; August 31, 1972, Filed Tried in Chicago, Illinois. Alfred L. Von Tersch, Jr., pro se, 965 Knoxville Rd., Milan, Illinois. Walter T. Thompson, for the respondent. SACKS Memorandum Findings of Fact and Opinion SACKS, Commissioner: Respondent determined a deficiency in petitioners' joint Federal income tax for the taxable year 1968 in the amount of $712.88. On brief, respondent conceded that petitioners were entitled to deductions of $33 for contributions to the Boy Scouts of America, an exempt organization, $622.04 for state and local income taxes paid, and $2.25 for unreimbursed education expenses paid. Remaining at issue are deductions claimed by petitioners for the following items and in the following amounts: Contributions
$470.27
Gasoline Tax
307.44
Personal Property Tax
71.85
Educational Expense
145.87
Attorney Fee
321.00
Employment Fee
316.00
Moving Expense
727.00
*67 939 Alfred L. Von Tersch, Jr. (hereinafter referred to as petitioner) and Patricia E. Von Tersch are husband and wife, who at the time of filing their petition herein resided in Milan, Illinois. Their joint Federal income tax return for the calendar year 1968 was filed with the district director of internal revenue at Chicago, Illinois. 1. Contributions Under the general heading of contributions petitioners claimed, and respondent disallowed for lack of proof, donations of $161 to the Lutheran Church, $274 to the Baptist Church and $62.27 to the United Givers Fund. At the trial of this case petitioner testified that the Lutheran Church was his own church, while the Baptist Church was his wife's church. He stated that the $161 claimed to have been donated by him to the Lutheran Church was all in cash donated over the entire year in various Sunday collections. While he did state that he kept a record of such contributions in a book, he failed to produce this book even though the Court kept the record in this case open for many months after trial in order to give him the opportunity to do so. Of the $274 claimed as a contribution to the Baptist Church by his wife, petitioner *68 stated that "I can't account for that." He told the Court that the $62.27 claimed as donated to the United Givers Fund was withheld from his salary by his employer. Although the Court suggested that he utilize the time during which the record in this case was being held open to obtain verification from his employer as to the amounts withheld from his salary for the United Givers Fund, petitioner failed to do so. The difficulty in which petitioner finds himself because of his lack of records is of his own making. Although his testimony as to the fact that some contributions were made by him during the year 1968 is credible, his lack of records of any kind must be weighed heavily against him. (C.A. 2, 1930). Doing so, we find that his contributions to the Lutheran Church during 1968 amounted to no more than $60 and that he has failed to prove contributions in any amount to either the (C.A. 6, 1971), affirming a Memorandum Opinion of this Court. 2. Gasoline Tax Petitioner testified that during 1968 he owned two automobiles which were *69 driven the respective mileage of 50,000 and 8,000 miles. When questioned by the Court as to the substantial amount of mileage driven in one of the cars petitioner testified that he "was looking for a job. I was unemployed for three months in 1968." No further evidence was adduced to substantiate petitioner's claim of $307.44 paid in gasoline taxes during 1968 and deducted on his return. Again, petitioner's inability to provide substantiation is of his own making and we must weigh this heavily upon him. We therefore find that during the taxable year 1968 petitioner paid no more than $100 in gasoline taxes. 3. Personal Property Tax Petitioner claimed, as personal property taxes paid during the year 1968, a deduction in the amount of $71.85. Since he appeared at trial with no record to substantiate this claim, the Court suggested that he write to the appropriate tax assessor for a copy of his personal property tax return for 1968 and that the record would be kept open pending the receipt by the Court from him of such a document. Although several months passed during which time the record herein remained open, the Court failed to receive such a document. *70 While petitioner's testimony that he paid a personal property tax in 1968 is believable, his failure to document it when surely such documentation from a local governmental body is so readily available leaves us with no alternative but to fault him for his failure to prove the amount of the claimed deduction in its entirety. We find that he is therefore not entitled to any deduction for personal property taxes paid in 1968. 4. Educational Expense On his joint Federal income tax return for 1968 petitioner deducted the amount of $148.12 as "Educational Expenses." Of this amount respondent allowed him $2.25 and disallowed the remaining portion on the dual grounds of lack of substantiation and lack of a showing that the claimed educational expense came within the purview of section 1.162-5(a), the applicable income tax regulation. During the calendar year 1968 petitioner's employer maintained an educational reimbursement program for job-related education. Pursuant to this program petitioner, in 1968, completed 45 hours of credit at the Technical Center, Anoka, Minnesota. The course cost petitioner $9.00, of which his employer reimbursed him $6.75. The 940 remaining $2.25 has *71 ben allowed, as noted above, by respondent as an educational deduction. Petitioner testified at trial that of the $145.87 disallowed by respondent, $65 related to books and the rest related to transportation to and from St. Paul, Minnesota, his place of residence and Anoka, Minnesota where the school was located. No further evidence of the expenditure was shown. On cross-examination petitioner stated that while his employer did have an educational reimbursement program and that while "maybe" they would have reimbursed him for the expense claimed by him as educational expense on his 1968 return, he never asked for such reimbursement. Given the state of the record on this issue, we feel that respondent's action in disallowing to petitioner his claimed expenses for education in 1968 was correct. Petitioner has failed to prove that the education obtained was required by his employer, or, that if required, the amount claimed expended therefor was not reimbursed, or, that if required and not reimbursed, what he paid therefor. 5. Attorney Fee Petitioner testified that during 1968 he incurred $321 in travel costs and attorney's fees in connection with litigation pending before this *72 Court. He identified such litigation as involving the taxable years 1966 and 1967. Subsequent research by the Court fails to disclose any litigation herein in which petitioner was a party except wherein the decision was rendered on January 20, 1967, and which involved the taxable years 1962 and 1963. Although the Court agreed to keep the record open in this case for several months, as noted above, in order to provide petitioner with an opportunity to present paid bills from the attorney to whom he claims a fee was given in 1968, petitioner failed to do so. In view of the facts before us, we cannot say that respondent erred in disallowing to petitioner any part of the amount claimed as "Attorney Fees & Etc. for IRS Tax Claims." 6. Employment Fee During the last three or four months of 1968 petitioner was kept on the payroll of his then employer but permitted to seek other employment. Petitioner testified that in an attempt to obtain such employment he paid fees to certain employment agencies, a resume writer, and incurred expenses in sending out resumes. On his joint Federal income tax return for 1968 petitioner claimed the *73 sum of $316 as the cost of "[Seeking] New Employment." It is now a settled proposition of law in this Court that expenses of an employee in either seeking or securing new employment, at least in the same line of work, are deductible expenses. Leonard F. Cremona, 58 T.C. - (1972). Taxpayers claiming such expenses must still, however, clearly prove the amount thereof. Although the Court suggested to petitioner that he might write to the employment agencies involved while the record herein remained open in an effort to provide some substantiation for his claimed expenses, petitioner failed to do so. The Court, while sympathetic to petitioner's position, is not clairvoyant. Without some documentary evidence to corroborate his oral testimony, we are not disposed to disturb respondent's determination on this issue. 7. Moving Expense On his joint Federal income tax return for 1968 petitioner claimed a deduction of $727 as the cost of moving from Villisca, Iowa on January 5, 1968 to St. Paul, Minnesota on January 9, 1968 in order to accept a position of employment in St. Paul that lasted from January 10, 1968 to December 1, 1968. Respondent disallowed the deduction in its entirety *74 for want of proof. The record herein indicates that petitioner actually moved from Villisca, Iowa to a furnished apartment in White Bear Lake, Minnesota in December of 1967, and that he did not transport any household goods. The record also indicates that in March of 1968 he moved from the furnished apartment at White Bear Lake to a second furnished apartment in St. Paul and that he resided there until about December of 1968 when he moved to another apartment in St. Paul. No support for the amount claimed as the cost of moving has been forthcoming from petitioner (he provided no evidence at trial) even though the Court suggested he write to the company from whom he rented the moving van for a copy of the rental contract while the record herein was being kept open. In view of the very confused state of petitioner's testimony on this issue at the 941 trial and his failure to produce any documentary evidence relating thereto, although given ample opportunity to do so, the Court has no other choice but to sustain respondent in his determination on this issue. Reviewed and adopted as the report of the Small Tax Case Division. To reflect the agreement of the parties, on certain *75 items herein, and our decision on others, Decision will be entered under Rule 50.